## Cullings v. Farmers & Merchants Trust Company of Chambersburg

*Donald L. Kornfield*, for plaintiff.

*Denis M. DiLoreto* and *Jay L. Benedict*, for defendant.

EPPINGER, *P.J.*, November 28, 1978—Harold Cullings (Cullings) is apparently suing the Farmers and Merchants Trust Company (bank) to return to him money which he borrowed from the bank and which he says the bank retained and deposited to the accounts of CSI Electronics, Inc. (CSI). These loans were secured by some common stock which Cullings owned.

The complaint is in four counts, captioned both in trespass and assumpsit and seems to say that some officer or employe of the bank induced Cullings to buy securities in CSI and that the unnamed officer or employe failed to disclose the true financial condition of CSI, with which Cullings says the bank was "affiliated." The first count demands judgment pursuant to sections 502 and 503(a) of the Pennsylvania Securities Act of December 5, 1972, P.L. 1280, 70 P.S. §§1-502, 503(a), apparently based on an allegation that CSI was not registered with the Pennsylvania Securities Commission.

The second count demands judgment under section 501 of the Pennsylvania Securities Act of 1972, supra, 70 P.S. §1-501, alleging Cullings was induced to acquire the securities in CSI when CSI

was "in deep financial difficulty." Recited are a number of acts and failures to act attributed to the bank.

Count three demands judgment pursuant to sections 12(1) and 15 of the Federal Securities Act of May 27, 1933, 48 Stat. 84, 15 U.S.C.A. §§77(l)(1) and 77(o), because the bank did not have an effective registration with the Securities and Exchange Commission and was not exempt from registration.

Count four demands judgment pursuant to sections 12(2) and 17 of the Federal Securities Act of 1933, supra, 15 U.S.C.A. §§77(l)(2) and 77(q), alleging fraud in the sale of securities by mail and other instrumentalities of interstate commerce.

The bank has filed preliminary objections, demurrers to counts one and three, saying they fail to allege the bank sold or offered to sell a security or securities to Cullings. These demurrers are sustained. We have searched the wording of counts one and three and find nothing in them that would indicate the bank was anything more than a lender of money requiring security for the loans, except the allegation of paragraph 4 of the complaint (that the bank was an affiliate of CSI) which we will discuss later. As the acts themselves say, in order for there to be a violation of the Pennsylvania Securities Act of 1972 or the Federal Securities Act of 1933 there must be a sale of a security or securities.

The complaint is captioned in trespass and assumpsit. Cullings has failed to state the nature of each individual count, whether in trespass or assumpsit. For this reason we are asked to strike the complaint and we grant the motion. Where counts are joined in an occurrence giving rise to causes of action in trespass and assumpsit, each count must

specify whether the cause of action in that count is in trespass or assumpsit: Pa.R.C.P. 1020(d)(1).

We said we would discuss paragraph 4 of the complaint where the bank is alleged to be an affiliate of CSI. We are doing this because the bank asks us to strike paragraph 4 as a conclusion of law. We will treat this as a motion for more specific pleading and grant it. Under section 102(b) of the Pennsylvania Securities Act of 1972, supra, 70 P.S. §1-102, an "affiliate" means a person that directly or indirectly or through intermediaries, controls or is controlled by, or is under common control of the person specified. Control is defined in subparagraph (g) of section 102 as possessing the power directly or indirectly to cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract or otherwise.

Pa.R.C.P. 1019(a) requires all material facts upon which the claim is based to be stated. It is not enough to plead legal conclusions without pleading the ultimate facts underlying them: Zeger v. Harrison, 25 D. & C. 2d 60, 74 (C.P. Franklin Co. 1960). Cullings must plead the facts upon which he bases his conclusion that the bank is an affiliate of CSI.

Cullings has cited several Federal court cases which seem to hold that the bare allegation that the bank is an affiliate of CSI constitutes acceptable pleading. Pennsylvania is a fact-pleading state, while the Federal courts adhere to notice pleading. So the Federal cases are hardly authority in this situation.

In paragraph 13 of the complaint, the allegation is that the bank did not have an effective registration with the Securities and Exchange Commis-

sion. We are moved by the bank to strike this paragraph and we do. Brokers and dealers are required to be registered under the Securities Exchange Act of June 6, 1934, 48 Stat. 881, 15 U.S.C.A. §78(a) et seq. Specifically section 3(a)(4), 15 U.S.C.A. §78(c)(a)(4), excludes bank from the definition of broker, and subsection (5), of the same section, 15 U.S.C.A. §78(c)(a)(5), excludes bank from the definition of a dealer.

Whatever this transaction was, assuming that the bank sold securities to plaintiff, the bank is not required to have a registration with the Securities and Exchange Commission. Cullings acknowledges in his brief that under the 1934 Securities Exchange Act, the bank is exempted from registration as a broker or dealer, but says: "Plaintiff's cause of action, as stated in Count III of his Complaint, is based upon the Securities Act of 1933, not upon the 1934 Act. The fact that Defendant did not have an effective registration with the Securities and Exchange Commission is therefore not only relevant to Plaintiff's cause of action; it in fact constitutes the gravamen of the Complaint." We have been given no authority for this conclusion in the brief, nor have we been able to find any.

Paragraphs 5, 9, 10, 11 and 15 of Cullings' complaint allege that he was induced, defrauded and deceived by the bank by a device or scheme or artifice to defraud him, apparently by the bank's failing to supply him with information principally relating to CSI's financial condition. All of these allegations directly allege fraud or raise an inference of fraud. We are asked to require plaintiff to aver fraud with particularity as required by Pa.R.C.P. 1019(b) and we will.

Cullings points out that the concept of fraud where securities are concerned is broader under the Pennsylvania Securities Act of 1972, supra, section 102(h), 70 P.S. §1-102(h), than the ordinary common law concept of fraud and this is true. But the fact that the concept is broader only means that fraud may be determined from facts in securities transactions which would not be considered to be fraud at common law. There is nothing in the Securities Act of 1972 to change the requirements of Pa.R.C.P. 1019(b) that whatever the facts are that lead to a conclusion of fraud, they must be pleaded with particularity. Again we have been urged to a contrary conclusion by Cullings with citations of Federal court cases which are not authority in Pennsylvania, a fact pleading state. While our holding is broader and covers the matters mentioned in bank's preliminary objections, we want to state specifically that the bank is entitled to know what the devices, schemes or artifices employed were, what untrue statements were made and what acts constituted fraud.

Cullings' complaint seems to state that certain securities sales took place and the bank was involved. It does not allege the time and place of such sales nor does it identify the officers or employes of the bank involved in the transaction. The bank asks us to require specific pleading of these matters and we will.

We return to Pa.R.C.P. 1019, this time to subsection (f) which states that averments of time, place and items of special damages should be specifically stated. Plaintiff's responses to these objections are that paragraph 5 sets forth in detail the dates of the alleged sale or offer to sell and that if bank needs

more information it can resort to discovery. What paragraph 5 of the complaint does is list dates when Cullings borrowed money from the bank and while other courts in Pennsylvania have taken the view that discovery proceedings may be appropriate where a complaint is incomplete, we have uniformly held that as long as fact pleading exists in Pennsylvania we will require that pleadings conform to the rules and do not see the availability of discovery proceedings as a reason to relax pleading standards.

For the same reasons, we believe that it is necessary for Cullings to identify the agent or employe of the bank involved in the transaction.

Finally, in paragraph 10, subparagraph (a) of the complaint, Cullings alleges that he was induced to enter into certain transactions involving CSI securities when CSI was "in deep financial difficulty." The same phrase is used in subparagraph (b). The bank has asked us to require Cullings to plead specifically what is meant by "deep financial difficulty" and we will require it. It is easier to see the reasons for more specific pleading here, if Cullings understands that the bank has to answer his pleading. It is difficult to see how anything but a general answer could be framed to such an allegation. What the bank, and indeed the court, needs to know is the financial condition of CSI as reflected in terms of assets and liabilities, liquid assets to pay current obligations, that sort of thing. We are not suggesting that Cullings should plead evidence, but the phrase "deep financial difficulty" is not a sufficient allegation.

We have repeated on several occasions that the purpose of pleading is not just to inform the other party of the issues but to inform the court so that the

trial may go forward in the most expeditious manner. This complaint simply does not do this.

## ORDER

Now, November 28, 1978, defendant's preliminary objections are sustained. Plaintiff is given 20 days from the date of this order to file an amended complaint. Exceptions granted to plaintiff.